861 F.2d 266
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Leonard A. SMITH, Plaintiff-Appellant,
and
Lew E. Wallace, III, Plaintiff,
v.
Parker EVATT, Commissioner, S.C. Department of Corrections,
Defendant-Appellee.
 No. 88-6705.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 18, 1988.
Decided Sept. 21, 1988.
 
 Leonard A. Smith, appellants pro se.
 Before DONALD RUSSELL, MURNAGHAN, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Leonard A. Smith seeks to appeal from the district court's dismissal of his action and/or motion. The dismissal was based upon the magistrate's recommendation.
 
 
 2
 Smith and Lew E. Wallace filed a paper labeled "Motion By Class Action Plaintiff's, Leonard A. Smith and Lew E. Wallace, III For An Attachment Upon Defendant William D. Leeke" in a class action suit presently pending in the district court. The motion sought to attach Leeke's property to make Leeke, who is the former Commissioner of the South Carolina Department of Corrections, post a surety bond pending the outcome of the class action suit.
 
 
 3
 Although this matter was docketed in the district court as a separate action, it was more properly disposed of as a motion in the pending class action. As such, the district court's order is interlocutory and not subject to appeal at this time. See 28 U.S.C. Sec. 1291.
 
 
 4
 Accordingly, we dismiss this appeal as interlocutory.* We dispense with oral argument as the facts and legal arguments are adequately presented in the material before this Court and oral argument would not significantly aid in the decisional process.
 
 
 5
 DISMISSED.
 
 
 
 *
 We note that Wallace, who has not appealed this district court's order, but not Smith, objected to the magistrate's recommendation. Consequently, Smith has waived appellate review. See Thomas v. Arn, 474 U.S. 140 (1985)